Harold W. Dickens, III
691 Irolo Street #312
Los Angeles, CA 90005
Telephone No. (310) 709-3031
Facsimile:    (877) 893-6445

FILED
APR 24 2020
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

Debtor in Pro Per

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| **In re** | Case No.: 2:19-bk-22970-BB |
| | Assigned to Honorable Sheri Bluebond |
| **HAROLD W. DICKENS, III** | Chapter 7 |
| Debtor. | **NOTICE OF MOTION TO RE-OPEN CLOSED CHAPTER 7 CASE; DECLARTION OF HAROLD W. DICKENS, III; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEROF** |
| | (11 U.S.C. Sec. 350(b); Fed. R. Bankr. Proc. 5010; Loc. Bankr. Rs. 5010-1 & 9013-1(q)) |
| | **[NO HEARING REQUIRED]** |

1

MOTION TO REOPEN CASE

**TO THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE AND THE CHAPTER 7 TRUSTEE:**

Harold W. Dickens, III, ("Debtor"), hereby moves this Court to re-open the above-captioned Chapter 7 bankruptcy case pursuant to 11 U.S.C. Sec. 350(b), F.R.B.P. Rule 5010, and Loc. Bankr. Rs. 5010-1 and 9013-1(q).

The grounds are that there is good cause to reopen the case given that (1) Debtor is insolvent and cannot pay debts and therefore has a good faith claim for discharge and (2) that the trustee moved for dismissal erroneously after debtor mistakenly and inadvertently failed to appear at only a single meeting of creditors rather than **two** 'failures to appear' as required under Local Bankruptcy Rule 1017-2(b).

## I.    BACKGROUND

Debtor is a practicing attorney whose income has fallen to nearly nothing in and around November of 2019. At the same time, there are multiple creditors that are actively and aggressively seeking to seize debtors only vehicle which creditor knows has no equity in a transparent abuse of process. That same creditor is attempting to redirect all income from Debtor's law practice to itself and has acquired court orders allowing for the same; the hearing for which was held during the present pandemic and so was unopposed.

Debtor filed the instant Chapter 7 case on November 1, 2019. There was a meeting of creditors which debtor attended on December 2, 2019. The meeting was continued to December 19, 2019 because the trustee did not have time to review the schedules filed by debtor which were filed timely on the same day as the meeting on December 2, 2019. The schedules were filed on the Monday after the Due date which fell on a Sunday and were thus timely. See Exhibit "A."

On December 18, 2019, prior to the meeting of creditors scheduled for the following day, Debtor phoned Trustee Heidi Kurtzman and informed her that he could not attend on that date and arranged a continuance until February 5, 2020. The stipulation stated clearly that debtor was excused from attending the meeting of creditors scheduled for December 19, 2019. (See Exhibit "B")

Debtor is a practicing attorney and was obligated to attend another hearing in a civil matter on that same day. See Exhibit "E" Debtor mistakenly calendared the Meeting of Creditors on the

MOTION TO REOPEN CASE

wrong Friday, two weeks in the future on February 19, 2020. Given that Debtor-Attorney was obligated to attend the hearing on February 5, 2020 it is likely that he would have needed a continuance of the meeting of creditors regardless, but since he had inadvertently mis-calendared the meeting he was not aware that the hearing was in conflict and therefore neither requested a continuance nor advised the Trustee that he could not attend. Thus, to Debtor's great surprise, the case was dismissed on motion from the trustee on February 6, 2020 and closed on February 14, 2020.

Now creditors have resumed their aggressive efforts to not only collect on their debts but also to shut down Debtor's ability to make a living. One Creditor Kenneth S. Bradley, M.D., seeks to seize debtor's only vehicle knowing that it has no equity and he will not be able to recover any monies. Dr. Bradley has also served Debtor's clients with court orders that any payment owed to Debtor should be redirected to Dr. Bradley.

Debtor desperately needs the oversight of the bankruptcy court to discharge this debt and prevent these creditors from destroying his livelihood and family. Good cause exists because the case should never have been dismissed nor should it have been closed from the first instance, and in any case, such dismissal and closure was the result of mistake, inadvertence surprise or excusable neglect as described herein.

## II.    ARGUMENT

### A. A Bankruptcy Case May Be Reopened for Cause Under 11 U.S.C. Sec. 350(b).

Section 350 of the Bankruptcy Code allows a bankruptcy court to reopen a case "in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The Federal Rules of Bankruptcy Procedure also address the issue, stating that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010.

Such motions to reopen are liberally granted. See e.g., In re Dodge, 138 B.R. 602, 605 (Bankr. E.D. Cal. 1992) (stating that "such motions should be routinely granted"); In re Potes, 336 B.R. 731, 732 (Bankr.E.D.Va. 2005); Critical Care Support Serv., Inc. v. United States (In re Critical Care Support Serv.), 236 B.R. 137, 140 (E.D.N.Y. 1999) ("Courts have taken a liberal approach to reopening cases.") See also In re Plumlee, 236 B.R. 606, 610 (E.D.Va. 1999); In re

Young, 70 B.R. 968, 971-72 (Bankr.E.D.Pa.1987) (holding that a case may be reopened as long as "there is no evidence of fraud or intentional design on the part of the party to reopen it.")

While the Code does not define "other cause," courts generally look to three factors when determining whether to reopen a closed case: (1) the benefit to the debtor; (2) the prejudice to opposing parties; and (3) the benefits to creditors. Katz v. I.A. Alliance Corp. (In re I. Appel Corp.), 300 B.R. 564, 571 (S.D.N.Y. 2003); In re Tarrer, 273 B.R. 724, 732 (Bankr.N.D.Ga. 2001).

**B. Good Cause Exists to Reopen the Case Under 11 U.S.C. Sec. 350(b).**

In the instant case, there is "cause" to reopen the Bankruptcy Case because the debtor has now and always had a good faith case for discharge given that Debtor is insolvent. Debtor should be permitted to seek discharge and the court should retain jurisdiction to limit creditor's extremely aggressive collection tactics which are harming Debtor.

Good cause exists because the case should never have been dismissed nor should it have been closed in the first place. Any such dismissal and closure was the result of mistake, inadvertence, surprise or inexcusable neglect as explained herein.

Debtor filed the instant Chapter 7 case on November 1, 2019. There was a meeting of creditors which debtor attended on December 2, 2019. The meeting was continued to December 19, 2019 because the trustee did not have time to review the schedules filed by debtor which were filed timely on the same day as the meeting on December 2, 2019.

On December 18, 2019, prior to the meeting of creditors scheduled for the following day, Debtor phoned Trustee Heidi Kurtzman and informed her that he could not attend on that date and arranged a continuance until February 5, 2020. The stipulation stated clearly that debtor was excused from attending the meeting of creditors scheduled for December 19, 2019. (See Exhibit "B")

Unfortunately, Debtor being an attorney representing was obligated to attend another hearing in a civil matter on that same day. (See Exhibit "E") Debtor mistakenly calendared the Meeting of Creditors on the wrong Friday, two weeks into the future on February 19, 2020. Given that Debtor-Attorney was obligated to attend the hearing in the civil matter on February 5, 2020 it is likely that he would have needed a continuance of the meeting of creditors regardless. However, since he had inadvertently mis-calendared the meeting he was not aware that the hearing was in

4

MOTION TO REOPEN CASE

conflict with the meeting of creditors and therefore did not request a continuance nor advise the Trustee that he could not attend. Thus, to Debtor's was surprised, the case was dismissed on motion from the trustee on February 6, 2020 and closed on February 14, 2020. See Exhibits "C" and "D."

### III. CONCLUSION

WHEREFORE, based on the foregoing, the Debtor requests that the Court grant the Motion in its entirety, and reopen the Case, and that the Court grant such other and further relief as it deems just and proper.

DATED: April 23, 2020

Respectfully submitted,

By: _____
Harold W. Dickens, III, Esq.
Debtor in Pro Per

MOTION TO REOPEN CASE

## DECLARATION OF DEBTOR HAROLD W. DICKENS, III

1. I, Harold W. Dickens, III, am the Debtor in the above-entitled action. The matters stated herein are known to me of my own first-hand personal knowledge and if called as a witness I could and would competently and truthfully testify thereto under oath.

2. I am making this declaration in support of my motion to reopen the captioned case, to vacate the dismissal entered on February 6, 2020 and to reimpose the automatic stay.

3. The trustee moved the court to dismiss the case after I 'failed to appear' at a **single** '341 Meeting of Creditors,' however the dismissal was erroneous and should be reversed for the following reasons.

4. I have a good faith bankruptcy which was filed due to my insolvency and inability to repay certain debts. I had at the time of filing and have now every intention of pursuing the chapter 7 bankruptcy to full discharge of all obligations and I have a good faith basis for so doing since I had become insolvent in and around November 1, 2019.

5. The trustee requested dismissal of my case alleging that I "failed to appear" at two meetings of creditors. However, that is incorrect. I appeared at the first meeting of creditors on December 2, 2019. A second meeting was scheduled for December 19, 2020 because the Trustee did not have occasion to review the schedules which I had filed timely that same day, December 2, 2019.

6. The court order extended the time to file the schedules to December 1, 2019 which fell on Sunday so December 2, 2019 was the soonest I could have filed the schedules and they were timely. A true and complete copy of the Order re Extension is attached hereto and incorporated herein as Exhibit "A."

7. On December 18, 2019, before the meeting of December 19, 2019, I contacted Trustee Heidi Kurtz and informed her that I needed a continuance of the 341 meeting scheduled for December 19, 2019.

8. Trustee Kurtz explained that as long as I stipulated to extend the time for the trustee to object to discharge that I would be **excused** from attending the December 19, 2019 meeting of creditors.

MOTION TO REOPEN CASE

9. Trustee Kurtz executed and filed a stipulation stating that I was excused from attendance at the (Second) December 19, 2019 meeting of creditors. The Second meeting of creditors was continued to February 5, 2020. A true and complete copy of the stipulation is attached hereto and incorporated herein as Exhibit "B"

8. When I calendared the meeting of creditors, I inadvertently set it for February 19, 2020 instead of February 5, 2020 and was surprised when the meeting of creditors went forward. In addition, I am an attorney involved with active litigation which required an appearance on February 5, 2020. A true and complete copy of the minute order is attached hereto and incorporated herein as Exhibit "E."

9. Although, I did have this appearance that I was obligated to make and which interfered with my ability to attend the meeting of creditors scheduled for the same day, February 5, 2020; my additional mistake having mis-calendared the meeting caused me to fail to notify the trustee that I could not attend or needed an extension for the meeting of creditors. It was inadvertence and mistake that caused me to be unaware of and completely surprised by the meeting of creditors.

10. In addition, my partner and now mother of my child was nearly 9 months pregnant on February 5, 2020. She gave birth exactly one month later on March 5, 2020. Thereafter, the COVID-19 pandemic transpired and is still underway. I did call the trustee on more than one occasion to explain the oversight and/or mistake and inquire about the fact that I had not actually failed to appear at two meetings of creditors. The Trustee informed me that she could not reverse her decision and that failing to appear at only one meeting of creditors was grounds for dismissal. She provided no authority but instead informed me that I would need to seek legal counsel.

11. These factors, in addition to my pro per status and unfamiliarity with the Federal Bankruptcy Procedure are the reason I did not bring this motion sooner. Accordingly, now is the soonest I could have brought this motion under the circumstances.

12. This is an emergency and it is imperative that my case be reopened and reinstated and the automatic stay be reimposed. I am being targeted by an extremely relentless and aggressive creditor who was a Plaintiff and Cross-Defendant in a lawsuit against two women whom I represented which accused the defendant doctor of sexual assault in Los Angeles Superior Court

MOTION TO REOPEN CASE

Case # YC070821. I filed an anti-S.L.A.P.P. motion challenging their libel complaint which was denied. Thereafter the judge awarded the Plaintiff approximately $44,000.00 in attorney fees and ordered me as the attorney to also pay such fees and costs. Now that creditor is relentlessly pursuing all of my sources of income and using this judgment debt to essentially destroy my livelihood. This creditor has acquired orders to seize my only vehicle which they know has no equity and now they are serving my clients with court orders to confiscate monies owed to me.

13. Under the given pandemic crisis and relentless aggression from this creditor (Dr. Kenneth S. Bradley and his counsel J. Patrick Fleming), I am subject to lose my ability to earn any money at all and thus be rendered unable to support my family and new-born child.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this declaration was executed on April 23, 2020 in Los Angeles, California.

Harold W. Dickens, III, Esq.

MOTION TO REOPEN CASE

EXHIBIT "A"

<b>FILED & ENTERED</b>

NOV 13 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re: | CASE NO.: 2:19-bk-22970-BB |
|---|---|
| Harold Winfred Dickens, III | CHAPTER: 7 |
| | **ORDER RE MOTION TO EXTEND DEADLINE TO FILE CASE COMMENCEMENT DOCUMENTS** |
| Debtor(s). | Motion is docket entry # 10 |

On *November 12, 2019*, the debtor filed a Motion to extend time to file case commencement documents (Motion). Having reviewed the Motion **IT IS ORDERED that:**

☒ The Motion is **GRANTED** and the new deadline to file case commencement documents is <u>December 1, 2019</u>.

☐ The Motion is DENIED because (*check all reasons that apply*):

☐ The Motion does not contain an adequate explanation for why more time is needed to file the missing documents.
☐ The Motion is not supported by a declaration under penalty of perjury.
☐ The Motion was filed after deadline for filing missing document(s).
☐ There is no Proof of Service of the Motion on all creditors.
☐ Other:

☐ A hearing on the Motion is set for the following date, time and location:    **Date:**    **Time:**
**Courtroom #    Address of courthouse:**

###

Date: November 13, 2019

*[signature]*
Sheri Bluebond
United States Bankruptcy Judge

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 1, 2012*    Page 1    F 1007-1.1.ORDER.FILING.DEADLINE

EXHIBIT "B"

HEIDE KURTZ
2515 S. WESTERN AVE, STE. 11
SAN PEDRO, CA 90732
Telephone: (310) 832-3604
*trustee@hkurtzco.com*

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

HAROLD W. DICKENS

    Debtor.

Case No.: 2:19-bk-22970-BB

Chapter 7

STIPULATION TO EXTEND DEADLINE TO FILE COMPLAINT OBJECTING TO DISCHARGE UNDER 11 U.S.C. SECTION 727

TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE:

    Heide Kurtz, the Chapter 7 Trustee herein ("*Trustee*"), and Debtor, Harold W. Dickens (the "*Debtor*"), hereby enter into this Stipulation based on the following:

    A. This case was commenced on November 1, 2019 when the Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. The Debtor is an attorney who had filed his case Pro-Se.

    B. The original 341 meeting of creditors was held on December 2, 2019. At such time the Debtor had not filed any Schedules so no exam was done.

    C. Per Order of November 13, 2019, the Debtor had until December 1, 2019 to file Schedules. Because December 1, 2019 was a Sunday, the Court accepted his Schedules filed on December 2, 2019.

1

D. The Debtor could not attend the continued Meeting of Creditors on December 19, 2019.

E. The current deadline for the Trustee to file a complaint objecting to the Debtor's Discharge pursuant to 11 U.S.C. Section 727 is January 31, 2020.

F. Additional time is required for the Trustee to gather information to determine if there are or will be sufficient grounds to commence an adversary proceeding pursuant to Section 727 of the Bankruptcy Code. The meeting of the creditors has been continued to provide time for the Debtor to produce documents and explanations which were requested by the Trustee. The Trustee desires to preserve her right to seek a denial of Debtor's Discharge until the Debtor has produced the requested documents.

**NOW THEREFORE**, in consideration of the foregoing, the parties stipulate to extend the deadline for the Trustee to file a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. Section 727 from January 31, 2020 to March 31, 2020.

Dated: December 18, 2019

HEIDE KURTZ
Chapter 7 Trustee

Dated:

By:
Harold W. Dickens, III
Debtor

EXHIBIT "C"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Heide Kurtz<br>2515 South Western Ave. Ste.11<br>San Pedro, CA 90732<br>Telephone: (310) 832-3604<br>Email: hkurtz@hkurtzco.com<br><br>Chapter 7 Trustee<br><br>☐ Chapter 7 trustee appearing without an attorney<br>☐ Attorney for chapter 7 trustee | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** ||
| HAROLD DICKENS<br><br><br><br><br>Debtor(s). | CASE NO.: 2:19-bk-22970-BB<br>CHAPTER: 7<br><br>**CHAPTER & TRUSTEES MOTION TO DISMISS BANKRUPTCY CASE AND DECLARATION THAT DEBTOR(S) FAILED TO APPEAR AT TWO 341(a) MEETINGS OF CREDITORS [LBR 1017-2(b), LBR 9031-1(q)]** |

I am the trustee of this chapter 7 bankruptcy case. I request that this case be dismissed because the Debtor(s) failed to appear at two or more 341(a) meetings of creditors held pursuant to 11 U.S.C. § 341(a). I provided written notice to the Debtor(s) of any continued/rescheduled meeting of creditors.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 2/5/2020

By: __/s/ Heide Kurtz__
Signature of Trustee

Name__Heide Kurtz, Chapter 7 Trustee__
Printed name of trustee

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

December 2014                                                    **F 1017-2.1.MOTION.DISM.CH7.TRUSTEE**

EXHIBIT "D"

# United States Bankruptcy Court
## Central District of California

255 East Temple Street, Los Angeles, CA 90012

## ORDER AND NOTICE OF DISMISSAL FOR FAILURE TO APPEAR AT 341(a) MEETING OF CREDITORS

**DEBTOR INFORMATION:**
Harold Winfred Dickens III
dba Law Offices of Harold W. Dickens III, dba L/O HAROLD W. DICKENS III, P.C.

**BANKRUPTCY NO.** 2:19-bk-22970-BB

**CHAPTER** 7

Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s)., (if any): xxx-xx-6801
Employer Tax-Identification (EIN) No(s).(if any): N/A
Debtor Dismissal Date: 2/6/20

**Address:**
691 Irolo St #312
Los Angeles, CA 90005

The above debtor(s) has **FAILED TO APPEAR** for examination at the initial Section 341(a) meeting of creditors and any continuance thereof:

It is ordered:

1) The case is dismissed.

2) The automatic stay is vacated.

3) Any discharge entered in this case is vacated.

4) The Court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law.

Dated: February 6, 2020

For The Court,

**Kathleen J. Campbell**
Clerk of Court

Form van23b-odmwab Rev. 06/2017

56 / SMZ

EXHIBIT "E"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| BC724369 | February 5, 2020 |
| CALIFORNIA-PACIFIC ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, A CALIFORNIA NONPROFIT CORPORATION vs ROSEWOOD UNITED METHODIST CHURCH, A CALIFORNIA NONPROFIT CORPORATION, et al. | 9:30 AM |

Judge: Honorable Steven J. Kleifield         CSR: Kristine M. Hicks, CSR # 13634
Judicial Assistant: A. Cisneros              ERM: None
Courtroom Assistant: S. Jusi                 Deputy Sheriff: None

---

APPEARANCES:

For Plaintiff(s): Richard S. Conn; Erin M. Donovan

For Defendant(s): Harold Dickens Dickens III; Elmira Rezaei Howard; Dennis Patrick Wilson --
See additional appearances below.

---

**NATURE OF PROCEEDINGS:** Hearing - Other regarding accounting on sales proceeds; Hearing on Ex Parte Application Re Accounting

Order Appointing Court Approved Reporter, Kristine M. Hicks, CSR # 13634, as Official Reporter Pro Tempore is signed by the Court and filed this date with the original forwarded to the e-Court Scanning Unit.

The Court ruled on the Ex Parte Application Re Accounting on 02-04-2020.

On the Court's own motion, the Hearing - Other regarding accounting on sales proceeds scheduled for 02/05/2020 is continued to 02/21/2020 at 09:30 AM in Department 57 at Stanley Mosk Courthouse.

Hearing on Motion to Set Aside/Vacate Default (CCP 473.5) is currently scheduled for 02-21-2020 at 8:30 a.m. in Department 57.

Opposition is due by 02-13-2020.

Reply, if any, is due by 02-18-2020.

Rosewood United Methodist Church is to file a written accounting by 02-13-2020. Any response

---

Minute Order                                                                Page 1 of 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3435 Wilshire Blvd., Suite #2910, Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION TO RE-OPEN CLOSED CHAPTER 7 CASE; DECLARTION OF HAROLD W. DICKENS, III; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEROF
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 04/23/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
  1. Honorable Sheri Bluebond; 255 East Temple Street, Los Angeles, CA 90012
  2. (Former Chapter 7 Trustee) Heide Kurtz; 2515 S. Western Avenue #11, San Pedro, CA 90733
  3. United States Trustee (LA), 915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/23/2020 | Harold W. Dickens, III | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                       **F 9013-3.1.PROOF.SERVICE**