J. Patrick Fleming, Jr. (SBN 76414)
Case Knowlson LLP
1901 Avenue of the Stars, Suite 1900
Los Angeles, California 90067
Telephone: (310) 986-2733
Facsimile: (310) 984-1047
E-mail: rfleming@cklawllp.com

Attorneys for creditors
Kenneth S. Bradley, M.D.
and Southern California Pain Consultants, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>HAROLD W. DICKENS, III,<br>dba LAW OFFICES OF HAROLD W. DICKENS, III, dba LAW OFFICES OF HAROLD W. DICKENS, III, P.C.,<br><br>Debtor.<br><hr>KENNETH S. BRADLEY, M.D., an individual, and SOUTHERN CALIFORNIA PAIN CONSULTANTS, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HAROLD W. DICKENS, III,<br>dba LAW OFFICES OF HAROLD W. DICKENS, III, dba LAW OFFICES OF HAROLD W. DICKENS, III, P.C.,<br><br>Defendant. | Case No.: 2:19-bk-22970-BB<br><br>Assigned to Honorable Sheri Bluebond<br><br>Chapter 7<br><br>Adv. No.: _____<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY**<br><br>(11 U.S.C. § 523(a)(6)) |

-1-

COMPLAINT TO DETERMINE DISCHARGEABILITY

Plaintiffs Kenneth S. Bradley, M.D. and Southern California Pain Consultants, Inc. ("SCPC") hereby allege the following claims for relief against defendant and debtor Harold W. Dickens, III, dba Law Offices of Harold W. Dickens, III, dba Law Offices of Harold W. Dickens, III, P.C.:

## INTRODUCTION

1. For more than four years, plaintiffs were embroiled in litigation in which defendant Dickens represented Kashmir Stefani and Angela Margolis, *Bradley v. Stefani, et al*, Los Angeles Superior Court Case No. YC070821 ("the Litigation"). The Litigation was initiated by Dr. Bradley after Ms. Stefani and Ms. Margolis, who were his former patients and who were also good friends, posted defamatory Yelp reviews within days of one another falsely accusing Dr. Bradley of sexual harassment. The reviews were posted weeks after they had each been involuntarily discharged by Dr. Bradley: Ms. Margolis because of her refusal to submit to urine testing to confirm she was taking prescribed opioids, and Ms. Stefani because of a urine test result showing the absence of all prescribed medications, including opioids.

2. As soon as Dr. Bradley learned of the postings, he and SCPC sued for defamation. Default was entered against Ms. Margolis. Following a bench trial, the trial court found in favor of plaintiffs and against Ms. Stefani on September 11, 2019.

3. During the course of the Litigation, Dickens repeatedly engaged in egregious and malicious misconduct for which he was repeatedly sanctioned. Between November 2, 2016 and June 12, 2019, Dickens was sanctioned by three different judges on ten different occasions, for a grand total of $74,763.66. This included sanctions for filing an anti-SLAPP motion based on false declarations from each of his clients. The court found that Dickens had done so knowingly, and sanctioned him $44,648.66 for filing a frivolous motion based on deliberate misrepresentations. Dickens willful and malicious actions included repeatedly disobeying a series of court orders

-2-

COMPLAINT TO DETERMINE DISCHARGEABILITY

concerning the same discovery matters, so deliberately orcing plaintiffs to file a series of costly and time-consuming motions to compel. Though usually ordered to pay the sanctions within thirty days, Dickens refused to pay any, even though his bank account records show he had the funds to do so in 2017, 2018, and 2019.

## JURISDICTION

4.  This is an adversary proceeding. This Court has jurisdiction pursuant to 11 U.S.C. § 523. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). As alleged herein, defendant Dickens is indebted to plaintiffs for monetary sanctions imposed and arising out of his willful and malicious actions during the Litigation which were intended to harm plaintiffs. Accordingly, these debts are not dischargeable in bankruptcy by virtue of the provisions of 11 U.S.C. § 523(a)(6).

## PARTIES

5.  Plaintiff Kenneth S. Bradley, M.D. is an individual who is, and was at all times relevant herein, a resident of the County of Los Angeles, California.

6.  Plaintiff Southern California Pain Consultants, Inc. is, and was at all times relevant herein, a California medical corporation with its principal office in Torrance, California.

7.  Plaintiff is informed and believes, and so alleges, that defendant Harold W. Dickens, III, dba Law Offices or Harold W. Dickens, III, dba Law Offices of Harold W. Dickens, III, P.C., is an individual who is, and at all relevant times was, a resident of Los Angeles, California.

## GENERAL ALLEGATIONS

**Sanctions of $44,648.66 imposed after willful and malicious filing of a frivolous anti-SLAPP motion based on two false declarations**

8.  On November 20, 2015, Dickens filed an anti-SLAPP motion in the Litigation,

-3-

COMPLAINT TO DETERMINE DISCHARGEABILITY

followed by a Supplemental anti-SLAPP motion filed on December 8, 2015. In part, the motion asserted that the litigation privilege barred the defamation claim of Dr. Bradley and SCPC because Dickens' clients had posted their Yelp reviews *after* they had obtained and consulted their counsel. The motion claimed that the postings were part of a litigation effort to find other women with similar complaints against Dr Bradley. In support, Dickens filed declarations from his clients falsely repeating these claims.

9. Dickens knew at the time he drafted and filed the declarations that they were false: neither woman had hired Dickens, nor any other attorney, in advance of their postings. When they were deposed as part of limited discovery relating to the anti-SLAPP motion, Ms. Stefani and Ms. Margolis each testified that they did not have an attorney at the time of their postings-- in direct contradiction to the declarations Dickens had drafted and filed with the court.

10. Noting the contradictions between the declarations and deposition testimony of Ms. Stefani and Ms. Margolis, the trial court denied the anti-SLAPP motion on June 9, 2016. On November 2, 2016, the court granted a motion for sanctions against Dickens and his clients, imposing sanctions totaling $44,648.66 after finding that the anti-SLAPP motion had been frivolous and was based on declarations drafted by Dickens which he knew to be false. A copy of the Court's order is attached hereto as Exhibit "A."

**Deliberate obstruction of discovery and disobedience of court orders, for which Dickens was sanctioned a total of $29,875.**

11. Throughout the Litigation, Dickens engaged in egregious discovery abuses willfully and maliciously designed to bleed Dr. Bradley financially. Dickens repeatedly served patently improper and evasive responses or objections, or in some cases, no responses at all. He then ignored efforts to meet and confer, so compelling plaintiffs to bring repeated motions to compel. Even after motions were granted, Dickens persisted with his obstructive tactics, defying

-4-

COMPLAINT TO DETERMINE DISCHARGEABILITY

the Court's orders either by thereafter not serving any responses or by serving additional improper non-responsive discovery, so forcing further motions to compel, and resulting in additional sanctions. All in all, plaintiffs obtained a total of $29,875 in sanctions awarded nine different times by three different judges between November 2, 2016 and June 12, 2019, a sum well below what was actually incurred.

**Willful and malicious refusals to answer and to comply with multiple court orders to answer the same Form Interrogatories and Demand for Production of Documents.**

12. After repeated informal efforts to obtain answers to this discovery failed, Dr. Bradley brought successful motions to compel, and was awarded $1,720 in sanctions on November 2, 2016. A copy of the Order is attached as Exhibit "B."

13. Despite being ordered by the court to provide answers by November 16, 2016, Stefani failed to do so. Meet and confer efforts were ignored. The motions were brought again, and were granted on May 5, 2017, with Dickens and his client ordered to pay $3,380 in sanctions, and to provide answers by May 15, 2017. A copy of the Order is attached as Exhibit "C."

14. Despite being ordered on November 2, 2016 and May 15, 2017 to provide answers, none were provided. Motions to compel had to be brought yet again, and were scheduled for hearing on July 19, 2017. The day of the hearing, Dickens filed a declaration with purported responses to the discovery, so the Court postponed the hearing. On August 16, 2017, the Court found many of the purported responses to be "deficient, evasive, incomplete, and/or not code-compliant," and sanctioned Dickens and his client $2,860. They were ordered to provide responses by September 18, 2017. A copy of the order is attached as Exhibit "D."

15. On September 18, 2017, Dickens served another set of patently deficient responses to the discovery. Motions to compel had to be brought once again. On December 13, 2017, the court granted the motions, noting that that the past conduct of Dickens and Stefani were manifest

-5-

abuses of discovery, but finding that the deficiencies in the latest responses did not appear to be willful or bad faith conduct by *Stefani* and so the Court declined to issue terminating, issue, or evidentiary sanctions. The court ordered compliance with the three prior discovery orders, and imposed sanctions of $4,860 on Dickens and his client. A copy of the order is attached as Exhibit "E."

**Willful and malicious refusals to answer special and supplemental interrogatories, and demands and supplemental demands to produce documents.**

16. This discovery was served by Federal Express or by messenger, in various combinations on three different occasions, and was due on November 9 or November 19, 2018. Dickens did not respond to subsequent e-mails on November 15 and November 26, 2018 advising him that objections had been waived and requesting that he provide answers.

17. Despite the multiple personal service methods and his failure to respond to the e-mails, Dickens informed counsel for plaintiffs that he did not "have" the discovery. Though this claim was patently untrue, plaintiffs' counsel sent the subject discovery to Dickens once again on December 10, 2018, informing him that the time for objection had passed, and that Stefani should answer and produce documents.

18. On December 22, 2018, Dickens served an omnibus response with identical canned objections to each item of discovery, and deliberately evasive and vague "responses." Thereafter, he failed to meet and confer. As a result, *five* separate motions to compel had to be filed. Dickens filed no written opposition, but instead appeared at the hearing to argue. On March 1, 2019, the court granted all five motions, ordered answers and production without objections, and imposed sanctions of $4,600 on Dickens and his client. A copy of the Court's order is attached as Exhibit "F."

19. On March 25, 2019, in defiance of the court's March 1, 2019 order and imposition

of sanctions, Dickens served another set of evasive and non-responsive responses. A meet and confer effort was not successful. Once again, motions to compel had to be brought. No opposition was served, other than a late declaration from Dickens falsely claiming the responses were sufficient. After the court reset the hearing, and contrary to his prior claim of sufficiency, Dickens filed a supplemental declaration with revised responses. On June 12, 2019, the court granted the motions to compel, awarding sanctions of $3,310. A copy of the Court's order is attached as Exhibit "G."

**Willful and malicious obstruction of deposition of Nina Christensen.**

20.    Ms. Stefani identified Nina Christensen as a person who had treated her for the emotional distress and PTSD she claimed to have incurred because of Dr. Bradley's alleged misconduct. Ms. Christensen's deposition was scheduled for November 12, 2018. When Dickens attempted to raise patient-physician privilege objections to taking the deposition, he was advised in detail by letter about the many ways in which the privilege had been waived, most importantly by Ms. Stefani's filing of a cross-complaint seeking emotional distress damages against plaintiffs. He was cited to the seminal case of *Vinson v. Superior Court* (1987) 43 Cal.3d 833.

21.    Mr. Dickens did not respond to the letter, nor did he file a motion for protective order. Instead, less than an hour before the deposition was to start, he informed counsel for Ms. Christensen and for plaintiffs by telephone that his client would assert the patient-physician privilege to prevent Ms. Christensen from testifying and producing documents unless plaintiffs agreed to a set of unreasonable terms limiting his rights to future discovery. As a result, counsel for Ms. Christensen could not allow the deposition to proceed, and a motion to compel had to be filed. Dickens filed no opposition was filed to the motion. On February 19, 2019, the motion was granted, and Dickens and his client were sanctioned $3,665. A copy of the Court's order is

-7-

COMPLAINT TO DETERMINE DISCHARGEABILITY

attached as Exhibit "H."

## FIRST CLAIM FOR RELIEF

(For a determination pursuant to 11 U.S.C. § 523(a)(6) that the $44,648.66 debt to plaintiffs for filing a frivolous anti-SLAPP motion based on false declarations is not dischargeable)

22. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 10, as though fully set forth herein.

23. Dickens' filing of false declarations in support of his frivolous anti-SLAPP motion was willful and malicious. As stated by the trial court: "… it is clear that the declarations submitted by defendants, which were drafted by defense counsel, were false, in bad faith, and solely intended to implicate the litigation privilege despite the fact that the privilege was not available to defendants…. No reasonable attorney would have submitted declarations which were knowingly false. The attorney clearly would have had information as to his first contact with defendants, which according to the defendants themselves, were not before the Yelp posts. Therefore, the anti-SLAPP motions utilized false declarations and constituted frivolous and bad faith conduct. "See Exhibit "A."

24. As a result, Dickens' $44,648.66 debt is not dischargeable and falls within the parameters of 11 U.S.C. § 523(a)(6).

## SECOND CLAIM FOR RELIEF

(For a determination pursuant to 11 U.S.C. § 523(a)(6) that Dickens' $12,820 debt to plaintiffs for violating three consecutive court orders to provide the same discovery is not dischargeable)

25. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 7, and 12-15, as though fully set forth herein.

26. Dickens' deliberate refusal to provide discovery and refusal to obey three consecutive discovery orders in 2016 and 2017 to do so was willful and malicious, and was

-8-

COMPLAINT TO DETERMINE DISCHARGEABILITY

intended to and did cause plaintiffs harm by forcing them to incur substantial attorney's fees and costs to repeatedly move to compel. The sums incurred were well in excess of the $12,820 in sanctions awarded on four separate occasions for refusing to provide answers to form interrogatories and document demands.

27. As a result, the $12,820 debt is not dischargeable and falls within the parameters of 11 U.S.C. § 523(a)(6)).

### THIRD CLAIM FOR RELIEF

(For a determination pursuant to 11 U.S.C. § 523(a)(6) that Dickens' $7,910 debt to plaintiffs for refusing to answer discovery and so compelling plaintiffs to file five motions to compel is not dischargeable)

28. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 7, 12-19, and 25-27, as though fully set forth herein.

29. Dickens' deliberate refusal to comply with his discovery obligations relating to the special interrogatories and supplemental discovery served in late 2018 followed the intentional discovery abuse described above in the Second Claim for Relief, and followed the same pattern of behavior. Dickens' conduct regarding this discovery was willful and malicious, and was intended to and did cause plaintiffs harm by forcing them to incur substantial attorney's fees and costs to bring five separate motions to compel. The sums plaintiffs incurred were well in excess of the $7,910 in sanctions awarded by the court for this abuse.

30. As a result, this debt is not dischargeable and falls within the parameters of 11 U.S.C. § 523(a)(6)).

///

///

///

### FOURTH CLAIM FOR RELIEF

(For a determination pursuant to 11 U.S.C. § 523(a)(6) that Dickens' $3,665 debt to plaintiff Kenneth S. Bradley, M.D. for obstruction of a third-party deposition is not dischargeable)

31. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 7, 12-21, and 25-30, as though fully set forth herein.

32. Dickens' deliberate and last minute obstruction of a deposition he knew had been scheduled and as to which he knew he had no legitimate privilege objection was willful and malicious, and was intended to and did cause plaintiffs harm by forcing them to incur substantial attorney's fees and costs to bring a motion to compel the testimony, which he did not oppose. The sums plaintiff Bradley incurred were well in excess of the $3,665 in sanctions awarded by the court for this abuse.

33. As a result, this $7,910 debt is not dischargeable and falls within the parameters of 11 U.S.C. § 523(a)(6)).

### PRAYER

WHEREFORE, plaintiffs Kenneth S. Bradley, M.D. and Southern California Pain Consultants, Inc pray for entry of judgment against defendant and debtor Harold W. Dickens, III, dba Law Offices or Harold W. Dickens, III, dba Law Offices of Harold W. Dickens, III, P.C as follows:

1. That, with respect to each claim for relief, the Court determine that the subject debt was incurred as a result of defendant's willful and malicious injury to plaintiffs, and is therefore not dischargeable by virtue of the provisions of 11 U.S.C. § 523(a)(6);

2. For an award of attorney's fees as allowable by law;

3. For costs incurred herein; and

4. For such other and further relief as the Court deems just and proper.

-10-

COMPLAINT TO DETERMINE DISCHARGEABILITY

DATED: August 11, 2020

CASE KNOWLSON LLP

By: /s/ J. Patrick Fleming, Jr.
J. Patrick Fleming, Jr.

Attorneys for creditors
Kenneth S. Bradley, M.D, and
Southern California Pain Consultants, Inc.

-11-

COMPLAINT TO DETERMINE DISCHARGEABILITY